**MARGULIES WIND, PA**
**Harborside Financial Center**
**Plaza 10, 3 Second Street, Suite 1201**
**Jersey City, New Jersey 07311-3988**
**(201) 333-0400   (201) 333-1110/fax**
**e-mail:fec@mwhlawfirm.com**
**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRTUAL STUDIOS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KANE CARPET COMPANY, <br><br> Defendant. | CIVIL ACTION NO: <br><br><br> COMPLAINT |

By way of complaint against defendant Kane Carpet Company, plaintiff Virtual Studios, Inc. states as follows:

### JURISDICTION

1.     The First Count of the within complaint is brought under the Federal Copyright Act of 1976, as amended, 17 U.S.C.A. §§101, *et seq.* This Court has jurisdiction pursuant to Section 1338(a) of the Judicial Code (28 U.S.C.A. §1338(a)). The remaining count of the complaint constitutes a related claim as to which the Court has pendant jurisdiction under Section 1338(b).

## VENUE

2. Venue is appropriate under the provisions of 28 U.S.C. 1400(a).

## FACTS COMMON TO ALL COUNTS

3. Plaintiff, Virtual Studios, Inc., ("Virtual") provides a variety of services and products within the graphic arts industry. Among those services are digital photography scanning, design and illustration, digital offset printing, presentation graphics, image setting, digital color and printers proofs, mounting and laminating. Virtual is a corporation of the State of Tennessee, with its main place of business at 693 Varnell Road, Tunnel Hill, Georgia 30755.

4. Approximately 13 years ago Virtual developed a unique software program enabling it to offer carpet and rug manufacturers digital room scenes created by Virtual on which to display their products in sales, advertising and marketing materials.

5. Virtual's unique proprietary program allowed it to digitally photograph flooring products and manipulate the images of those products into previously developed room scenes, out of many created by Virtual.

6. In approximately 2005 Virtual and defendant Kane Carpet Company ("Kane") began doing business together. Through the new technology developed by Virtual, Kane was able to display its rugs and carpeting in room scenes created by Virtual. Kane is a Georgia company with its main place of business at 125 North Industrial Boulevard, Calhoun, Georgia, 30701.

7. Under the terms of the agreement between the parties, Kane would select certain room scenes and would provide Virtual with samples of its products which would then be photographed and Virtual would digitally manipulate the images of those products onto the images of its room

scenes which could then be used by Kane for purposes of advertising, sales and marketing and could be placed on various web sites utilized by Kane.

8.    The terms of the agreement between the parties concerning Kane's use of the images produced by Virtual include, *inter alia*, the "Terms and Conditions" contained on the reverse side of all invoices submitted in a regular course of business by Virtual to Kane.

9.    The subject invoices contained, *inter alia*, the following language:

> Virtual Studios will provide its Client with the unlimited use of all photographs for a period of 1 year from the day of completion and payment of services as stated below

> \* \* \* \* \* \*

> Client may not assign or transfer this agreement or any rights granted hereunder...No amendment or waiver of any terms is binding unless set forth in writing and signed by the parties. This agreement incorporates by reference Article 2 of the Uniform Commercial Code, and the Copyright Act of 1976, as amended.

> \* \* \* \*

> Virtual Studios copyright notice "@ (Your First Publication) *Virtual Studios*" must accompany each editorial use as an adjacent credit line.

> \* \* \* \*

> Virtual Studios reserves the right to pursue unauthorized users of any Virtual Studios room scene image. If you violate our intellectual property you may be liable for actual damages, loss of income, and profits you derived from the use of this image or clip, and, where appropriate, the cost of collection and/or statutory damages up to $150,000 (U.S.D.) per image.

10. Defendant Kane was actually aware of the foregoing language in the invoices submitted to it by defendant Virtual at all times relevant hereto and actually assented to the cited terms and conditions.

11. As an additional term of the agreement between the parties respecting the use by Kane of Virtual's images, Kane agreed that Virtual had the sole and exclusive right to manipulate the room scene images by imposing thereon various images of rugs and carpeting products manufactured by Kane.

12. In 2008, Kane discontinued doing business with Virtual.

13. After Kane terminated its business with Virtual, the latter discovered that Kane had continued to use the images, whose use had been limited by the agreement between the parties to one year, for periods exceeding one year.

14. With respect to the images that Kane used and continues to use beyond the one year limitation of its agreement with Virtual, Kane failed and refused to compensate Virtual beyond the payment of a one year fee with respect to each image.

15. In addition, Virtual discovered after 2009 that Kane had, on its own initiative, without the participation of Virtual and without Virtual's consent, undertaken to superimpose images of its own on to the room scene images Virtual had provided Kane with.

## COUNT I

## COPYRIGHT INFRINGEMENT

16. Plaintiff repeats and restates each and every allegation of Paragraphs 1 through 15 as though fully set forth herein.

17. In 2007 and 2008, plaintiff Virtual complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright by applying for copyright

- 4 -

registration and making the required deposit for each and every one of the room scene images provided defendant Kane for its limited use. The United States Copyright Office accordingly issued copyright certificates for each of the subject room scenes with the latest effective date of the registration certificates of February 14, 2008.

18. At all times defendant Kane had actual or constructive notice of Virtual's copyright in and to the subject room scene images.

19. The original room scenes provided to defendant Kane included the following:

|  |  |
|---|---|
| (1) | 10397KitchenH |
| (2) | 10397LRE |
| (3) | 10458MiscC |
| (4) | 10461BR2 |
| (5) | 10461HO65 |
| (6) | 10461L |
| (7) | 10461SL31 |
| (8) | 10461SL31 |
| (9) | 11201LR2 |
| (10) | 11386FR2 |
| (11) | 11446LR2 |
| (12) | 11446LR2 |
| (13) | 11446LR2 |
| (14) | 11503MstBR |
| (15) | 12631Lbrry3 |
| (16) | 12787F |
| (17) | 12787Fyr1 |
| (18) | 12787Fyr5 |
| (19) | 12787LR6 |
| (20) | 12787LR6 |
| (21) | 12787LR6 |
| (22) | 12787LR6 |
| (23) | 12787M |
| (24) | 12787M |
| (25) | 12787Misc9B |
| (26) | 12787Misc9B |
| (27) | 12787Misc9B |
| (28) | 12787Misc9B |
| (29) | 12787Misc9B |
| (30) | 12787Misc9B |
| (31) | 12787Misc9B |
| (32) | 12787MISC9B |

- 5 -

(33) 12787MISC9B
(34) 12787MISC9B
(35) 12787MISC9B
(36) 12787MISC9B
(37) 12787MISC9B
(38) 12787MISC9B
(39) 12787MISC9B
(40) 12787Misc9B
(41) 12787Misc9B
(42) 12787Msc2
(43) 12787Msc2
(44) 12787Staircase1
(45) 13364Stair3
(46) 13364Stair3
(47) 13413Stair1B
(48) 13413Staircase1
(49) 13413Staircase1
(50) 13413Staircase1
(51) 13413Staircase1
(52) 13459MR1
(53) 13459MR1
(54) 13459MR1
(55) 13459MR1
(56) 13459SC1
(57) 13459SC1
(58) 13459SC1
(59) 13459Staircase2
(60) 13459Staircase2
(61) 13459Staircase2
(62) 13459Staircase2
(63) 13459Staircase2
(64) 13459Staircase2
(65) 13692_FR_10
(66) 13692Misc_2
(67) 13692Misc9D
(68) 13692Msc20D
(69) 14008Chair3
(70) 14312FR3
(71) 14312Misc1
(72) 14499FR3
(73) 14499FR3
(74) 14499FR3
(75) 15106F
(76) 15106Misc8B
(77) 15106Misc8B
(78) 15106Misc8B
(79) 15106Misc8B

(80)  15106Msc2
(81)  15106Msc7
(82)  15106staircase2
(83)  15642DR1
(84)  15642DR1
(85)  15642Fyr1
(86)  15642Fyr1
(87)  15642L
(88)  16483Bth3
(89)  16697F
(90)  16697Misc5
(91)  16895LR3
(92)  16895LR3
(93)  16895LR3
(94)  16895LR3
(95)  17197LR2
(96)  17197LR2
(97)  17197LR2
(98)  17197LR2
(99)  17198FR12
(100) 17198FR12
(101) 17198FR12
(102) 17198FR12
(103) 17198FR12
(104) 17198FR12
(105) 17198FR5
(106) 17198FR9
(107) 17198Misc1
(108) 17198MSC2
(109) 17293FR2
(110) 17293FR2
(111) 17293Misc1
(112) 17293Msc1
(113) 17516FR8
(114) 17552FR3
(115) 17552FR6
(116) 17659M
(117) 17695FR4
(118) 17695FR4
(119) 17930F
(120) 8730_27
(121) 8970D
(122) 8970D
(123) 8970D
(124) 9595FR
(125) 9595FR
(126) 9595FR

- 7 -

  (127) 9595LR
  (128) 9595LRD
  (129) 9595LRD
  (130) 9595MiscB
  (131) 9595MiscB
  (132) 9595MiscB
  (133) 9595MiscB
  (134) 9595MiscB
  (135) 9595MiscB
  (136) 9595MiscD
  (137) 9595MiscD
  (138) 9595MiscE
  (139) 9595MiscF
  (140) 9595MiscI
  (141) 9595MiscI
  (142) 9595MiscI
  (143) 9595MiscJ
  (144) 9595MiscJ
  (145) 9595MiscM
  (146) 9595MRA
  (147) 9595MRA
  (148) 9595MscB
  (149) 9595MscB
  (150) 9595MscB
  (151) 9595MscC
  (152) 9595MscM
  (153) 9595MscN

20. The customized room images created by plaintiff in which plaintiff digitally installed images of defendant's products at defendant's request were the following:

  (1) 10397KitchenH
  (2) 10397LRE_Escalade_104_00
  (3) 10458MiscC_7085_613B
  (4) 10461BR2_Modemo_Peacock
  (5) 10461HO65ChkrboardOmgGld
  (6) 10461L~1
  (7) 10461SL31_Jewel_Jakata_Red
  (8) 10461SL31_RoyalFlush_103_40
  (9) 11201LR2_Provacative
  (10) 11386_Imperial_Red_4
  (11) 11446LR2_1271_602J
  (12) 11446LR2_UrbanLegend
  (13) 11446LR2_passntSknsDmndTgr
  (14) 11503MstBR1272_613W

- 8 -

(15) 12631Lbrry3_7080_613J
(16) 12787F~1
(17) 12787Fyr1_PrsnSkn_Kenya
(18) 12787Fyr5_RstvExcalibur
(19) 12787LR6_Ambnce_NwBlBrwn
(20) 12787LR6_Chckmt_Filbert
(21) 12787LR_RigattoWdstone
(22) 12787LR_DreamCtchrCstlSnn
(23) 12787M~1
(24) 12787M~1
(25) 12787Misc9B_Awesm_Amaz
(26) 12787Misc9B
(27) 12787Misc9B_Suave
(28) 12787Misc9BDiamond_Mosaic
(29) 12787Misc9B_Gorgeous
(30) 12787Misc9B_Pinnacle
(31) 12787Misc9B_Awesome
(32) 12787MISC9B_LucerneEGGPLANT
(33) 12787MISC9B_CheckmtGldstn
(34) 12787MISC9B_ImgntnBrwnTst
(35) 12787MISC9B_BellisimoTrnql
(36) 12787MISC9B_RouseauDzzlr
(37) 12787MISC9B_NstlgiNwBgnnngs
(38) 12787MISC9B_DivinLxyChstnt
(39) 12787MISC9B_PindotSftGrn
(40) 12787Misc9B_Winner9055
(41) 12787Misc9B_DightFL_1338
(42) 12787Msc2_911176
(43) 12787Msc2_Jaguar_1
(44) 12787Staircase1_WildAsia
(45) 13364Stair3_DavinciBlk
(46) 13364Stair3_Tapestry
(47) 13413Stair1B_FirstPick
(48) 13413Staircase1_Regalia
(49) 13413Staircase1_Grandeur
(50) 13413Staircase1_Elegance
(51) 13413Str1_VictoFlg_WndwGrdn
(52) 13459MR1_Supreme3619_16
(53) 13459MR1_~2
(54) 13459MR1_Delicious13412_582
(55) 13459MscR1_OutofAfrica
(56) 13459SC1_1324_714_1274
(57) 13459SC1_Gemi+Grn
(58) 13459SC1_WorkofArt
(59) 13459Staircase2_Vert
(60) 13459Staircase2_FirstClass
(61) 13459Staircase2_FirstClass2

(62) 13459Staircase28920_16P_PaleMoon
(63) 13459Staircase2_AntiqueChiffon
(64) 13459Staircase29098A56CoffeeBean
(65) 13692_FR_10_Horizon_Multi
(66) 13692Misc_2
(67) 13692Misc9DPersianBlack
(68) 13692Msc20D_7081_613L
(69) 14008Chair3_Awards1365-114
(70) 14312FR3_SrntyParchment
(71) 14312Misc1_Lattice_Brown_4
(72) 14499FR3_Fluerette1344_304
(73) 14499FR3_TeaParty1339_504
(74) 14499FR_Appealing1382_382
(75) 15106F~1
(76) 15106Misc8B_Auberge
(77) 15106Misc8B9030_17Tawny
(78) 15106Misc9B_Porcelain
(79) 15106Misc8B_Burlywood
(80) 15106Msc2_8402_8401
(81) 15106Msc7_Adm8405_395
(82) 15106Staircase2_Palatial_1
(83) 15642DR1_PersianPaneMulti
(84) 15642DR1_1337_1326
(85) 15642Fyr1_symphonyBlack
(86) 15642Fyr1_symphonyIvory
(87) 15642L~1
(88) 16483Bth3_7086_6120
(89) 16697F~1
(90) 16697Misc5_7083_602J
(91) 16895LR3_Banner1273_914
(92) 16895LR3_CoupeDeTatBlack
(93) 16895LR3_AbssnLvryGrn7X7
(94) 16895LR3_2881_BlingGenuine
(95) 17197LR2_RoyalKingsleyBrown
(96) 17197LR2_Touchdown9108R_00
(97) 17197LR2_Paladium1334_604
(98) 17197LR2_Lxrs1323-782
(99) 17198FR12Abrdn8403_370
(100) 17198FR12Passion503_500
(101) 17198FR12_WdSplndr1325_714
(102) 17198FR12_Amulet1330_897
(103) 17198FR12_SthHampton_7925_24
(104) 17198FR12_Rythms7926_40
(105) 17198FR5_carniva_lBlack4
(106) 17198FR_embassyRed_2
(107) 17196Misc1_1369_030500_MnBm
(108) 17198MSC2_Algiers3728_40

- 10 -

(109)   17293FR2_Visions3712_16
(110)   17293FR2_CutAbove15493
(111)   17293Misc1_wyndhamBrown_4
(112)   17293Msc1_GoldenFeelings
(113)   17516FR8_BlossomBrown_CROP
(114)   17552FR3_Focal_Point
(115)   17552FR6_FlesPlysSupreme
(116)   17659M~1
(117)   17695FR4_MonteCarlo_Black
(118)   17695FR4_Concerto_101_00
(119)   17930F~1
(120)   8730_27
(121)   8970D_Insprtn1329-914
(122)   8970_Glddtstr1346-404
(123)   8970D_ManchesterRed
(124)   9595FR~1
(125)   9595FR~2
(126)   9595FR_Heavenly0302_17
(127)   9595LR~1
(128)   9595LRD_3inOne
(129)   9595LRD32inOne_2nd
(130)   9595MiscB_Revised
(131)   9595MiscB_StrtsphrLuckyStr
(132)   9595MiscB_Enchanting_PCN
(133)   9595MiscB_RembrantBrown
(134)   9595MiscB_VanGohgSmkdGlss
(135)   9595MiscB_HerekeRhubarb
(136)   9595MiscD_3carpets_in_1_2nd
(137)   9595MiscD_3carpets_in_1
(138)   9595MiscE
(139)   9595MscF_Revised
(140)   9595MiscI_3carpetsin1
(141)   9595MiscI_4carpetsin1
(142)   9595MiscIa_3carpetsin1
(143)   9595MiscJPinnacle
(144)   9595MiscJ_Chateau_Woodrose
(145)   9595MiscM_RENDEZVOUSTAFFY
(146)   9595MRA_TivoliDriftwood
(147)   9595MRA_ParisieeneFrenchCff
(148)   9595MscB_FavoriteBrwn503818
(149)   9595MscB_Valetta7927_60
(150)   9595MscB_SuitanaBrown
(151)   9595MscC_Majestic1336-514
(152)   9595MscM7087_613L
(153)   9595MscN_1369_030640Electra

- 11 -

21. Notwithstanding Kane's notice and knowledge of Virtual's rights and, contrary to its agreement with Virtual and without Virtual's permission or assent, Kane has continued to copy, use, disseminate, and digitally manipulate and alter Virtual's copyrighted images.

22. Virtual notified defendant Kane that it has infringed and is infringing Virtual's copyrights. Notwithstanding such notice, Kane has continued and will continue to infringe Virtual's copyrights. Defendant has infringed and is infringing plaintiff's copyrights by copying, using, disseminating and displaying plaintiff's copyrighted images beyond the terms of the limited license granted it and further by infringing plaintiff's exclusive right to make derivative works from its copyrighted images.

Kane's acts of infringement have been, and continue to be willful.

23. The unauthorized and infringing use by Kane of Virtual's copyrighted materials will unless enjoined, cause irreparable harm, damage and injury to Virtual. In addition, defendant Kane has unlawfully and wrongfully derived and will continue to derive income and profits from its infringing acts.

**WHEREFORE**, plaintiff requests judgment against defendant for:

    a. A permanent injunction enjoining defendant and its agents, servants and employees from infringing in any manner plaintiff's copyrights in the subject room scene images and from copying, disseminating, altering or otherwise disposing of any copies thereof following a final decision in this action;

    b. An accounting for payment to plaintiff of all of the following sums:

        All gains, profits and advantages derived by defendant as a result of its infringement of plaintiff's copyrights, statutory damages or

>   such damages as the Court shall deem proper and within the provisions of the copyright statutes.
>
> c. The delivery by defendant, its agents, employees and all holding with, through or under it or anyone acting on its behalf to be impounded of all articles alleged to infringe the copyrights of plaintiff in the subject room scene images;
>
> d. Delivery by defendant, its agents, employees and all holding with, through or under or anyone acting on its behalf for destruction following a final decision in this action, of all infringing copies concluding all infringing derivative images, digital files, magnetic tapes and other means for making infringing copies;
>
> e. Reasonable attorney's fees, interest, and costs of suit; and
>
> f. Such other and further relief as the Court deems equitable and just.

## COUNT II

### Breach of Contract

24. Plaintiff repeats and restates each and every allegation of Paragraphs 1 through 24 as though fully stated herein.

25. The continued use by defendant of plaintiff Virtual's products beyond the terms of use agreed upon between the parties constitutes a breach of contract by Kane.

26. Plaintiff Virtual has been and will continue to be damaged by the breach by defendant of the contract between the parties.

27. Plaintiff has complied in all respects with its obligations under the contract between the parties.

- 13 -

**WHEREFORE**, plaintiff Virtual demands judgment against defendant Kane as follows:

a. Awarding damages in such amount as the Court shall deem appropriate for breach of contract;

b. Awarding plaintiff interest and costs of suit;

c. Awarding plaintiff reasonable attorney's fees; and

d. Awarding such other and further relief as the Court deems equitable and just.

MARGULIES WIND, PA
Attorneys for Plaintiff

Dated: February 2, 2011

BY: FRANK E. CATALINA