UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**
**United States Magistrate Judge**

February 22, 2011

U.S. Post Office & Courthouse Bldg.
Federal Square, Newark, NJ 07101

LETTER

RE: Virtual Studios v. Kane Carpet, et al.
Civil Action No. 11-622 (KSH)

Dear Litigants:

  I have been assigned case management responsibilities in the above-referenced matter. This letter is intended to advise you of some requirements established for the early stages of the litigation.

  First, please provide my Chambers with the names and addresses of all attorneys involved in this case, when such information is available to you, and immediately supply a copy of this letter to your adversaries.

  Second, Rule 4(m) of the Federal Rules of Civil Procedure requires that you serve a copy of the Summons and Complaint upon your adversaries within 120 days of the date of filing the Complaint. Otherwise, the action will be terminated.

  Third, L. Civ. R. 26.1(b) requires counsel to confer and to submit a joint discovery plan before the initial conference, which will be scheduled as soon as one or more parties are joined. Other than motions to dismiss pursuant to Fed. R. Civ. P. 12, no motions may be filed without leave of Court.

  Fourth, the parties shall produce voluntary disclosures mandated by Fed. R. Civ. P. 26(a). No other discovery shall be conducted until further Order of the Court.

  Fifth, the Court has implemented an electronic case filing system for all documents filed with the Clerk of the Court. Electronic case filing is mandatory for all cases except those involving a pro se litigant. Registration forms, training information, policies and procedures can be obtained from the Clerk's Office by contacting (973) 645-4439 or the website: pacer.njd.uscourts.gov. Orders will be electronically filed. Paper copies will be provided to pro se litigants. Registered counsel will be notified when an order is filed but are responsible for reviewing the contents.

  When there is no opposition to an application to admit counsel pro hac vice, Magistrate Judge Shwartz requires the parties to electronically file certifications by local counsel and the applicant. When consent cannot be obtained, a formal motion and supporting certifications are required.

  Sixth, if a party intends to submit an application to admit pro hac vice counsel, then the party shall follow the requirements of L.Civ.R. 101.1(c) and submit a certification that states local counsel: (1) has consent of opposing counsel, (2) is a member of the New Jersey bar in good standing, (3) will be responsible for the conduct of the pro hac vice counsel and the cause, (4) will sign all pleadings and submissions, (5) will make all court appearances, and (6) will ensure that pro hac vice counsel complies with Rule 101.1(c). The party will also submit a certification from the pro hac vice counsel that states (1) each bar that counsel is a member in good standing and year of admission and (a) the address maintaining roll of the bar or (b) a certificate of good standing; and that counsel will (2) submit to this Court's jurisdiction for discipline, (3) pay the Clerk's fee, (4) make payment to the client fund, (5) abide by Rule 101.1(c), and (6) include said counsel's actual signature.

  Finally, all counsel are expected and required to be in Court on time and ready to proceed for all scheduled proceedings.

Very truly yours,

s/Patty Shwartz
**United States Magistrate Judge**