UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VIRTUAL STUDIOS, INC.,** : | |
| : | Civil Action No. 11-622(KSH) |
| Plaintiff, : | |
| : | |
| v. : | ORDER ON INFORMAL APPLICATION & |
| : | FIFTH AMENDED PRETRIAL |
| : | SCHEDULING ORDER |
| **KANE CARPET, et al.,** : | |
| : | |
| Defendant : | |

    This matter having come before the Court by way of letter dated January 31, 2013, regarding the plaintiff's request to extend the January 28, 2013 fact discovery deadline to serve subpoenas upon nonparties;

    and the Court having conducted a telephone conference on the record on February 1, 2013;

    and the Court having considered the parties' positions concerning this late request;

    and the Court having further considered the defendant's complaint that the plaintiff allegedly failed to disclose that documents produced were not copies of documents that existed at the time of the transactions, but rather were allegedly printouts of information from a database, that the plaintiff allegedly failed to preserve invoices, and that there are documents identified during depositions that were not produced;

    and for the reasons discussed on the record on February 1, 2013;

    IT IS ON THIS 1st day of February, 2013

    **ORDERED that**:

    During the depositions of the defendant's representatives, the plaintiff shall inquire about whether the defendant has records reflecting the identity of the images embodied in promotional materials and to whom they were provided after February 3, 2008 and if such records exist, the defendant shall provide a supplement to its responses to document demands in accordance with Fed. R. Civ. P. 26 and the plaintiff may ask if the defendant has records that show the profits received for images used after February 3, 2008.  Nothing herein constitutes a ruling that records of profits will be required to be produced.  If such profit records exist and a dispute exists concerning the production of the profit records, then it shall be presented to the Court during the deposition.  All

unresolved disputes that arise during depositions shall be presented to the Court during the deposition or the request for court-intervention shall be deemed waived;

**IT IS FURTHER ORDERED that**

The plaintiff may serve subpoenas on two of the defendant's customers and two of defendant's print vendors to obtain information concerning the amount of time the images were used on promotional materials and the amount of sales of the product depicted in the images from February 3, 2008 to the present. The subpoenas shall be promptly served and the discovery sought from these entities shall be completed no later than **March 20, 2013**. Any disputes concerning compliance shall be promptly presented to the court from which the subpoenas are issued.

**IT IS FURTHER ORDERED that**

1. No later than **February 15, 2013**, the defendant shall make available for inspection the original invoices that are in its possession, custody, and control;

2. As to each invoice the plaintiff produced in discovery, no later than **February 15, 2013**, the plaintiff shall produce a certification that states whether or not the invoice is a photocopy of a paper version of the invoice that existed at the time of the transaction to which the invoice relates or whether it was printed from a data base for production in discovery in this case;

3. No later than **February 22, 2013**, the parties shall produce to each other the documents that were requested during depositions;

4. The defendant may depose the plaintiff about: (a) its record retention policies and preservation of documents relevant to the claims in this; (b) whether or not the documents produced during discovery are photocopies of documents kept in the ordinary course of business and/or how the documents produced during discovery were created; and (c) how copies of invoices delivered to customers are kept, if at all, and if not kept, how the plaintiff knows that the invoices delivered to the customers included the terms and conditions;

**IT IS FURTHER ORDERED that** no extensions of the deadlines set forth herein will be granted;

**IT IS FURTHER ORDERED that:**

### I.  COURT DATES

1. There shall be a telephone status conference before the Undersigned on **TO BE SET.** Plaintiff shall initiate the telephone call.

2. a. The plaintiff shall convey a settlement demand no later than **deadline passed on October 4, 2012.** If the parties believe a settlement conference would be productive, then they shall provide the Court with three dates on which counsel and clients with full settlement authority are available to appear in person for a settlement conference.

b. There will be a settlement conference before the Undersigned on **TO BE SET IF REQUESTED.**

c. Trial counsel and clients with full settlement authority are required to appear at the conference and they shall confirm their availability to appear on the date of the conference by filing a letter no later than **TO BE SET.** Absent exceptional, unforeseen personal circumstances, the confirmed settlement conference will not be adjourned.

c. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **May 29, 2013 at 1:00 p.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II. DISCOVERY AND MOTION PRACTICE

4. a. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **deadline passed on April 30, 2012.**

b. No later than **deadline passed on April 30, 2012**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1]

5. Discovery necessary to engage in meaningful settlement discussions: depositions and will be completed by **deadline passed on January 29, 2013.**

6. The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **deadline passed on May 3, 2012,** which shall be responded to no later than **deadline passed on September 20, 2012.**

7. The number of depositions to be taken by each side shall not exceed **10.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **January 29, 2013**, except as set forth on Page 1.

8. Fact discovery is to remain open through **January 29, 2013**, except as set forth on Page 1. No discovery is to be issued or engaged in beyond that date.

9. Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention. Should such informal effort fail to

---

[1] If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **deadline passed on October 8, 2012 at 3:00 p.m**.  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.  Failure to raise a dispute that occurs at a deposition during the deposition constitutes a waiver of the right to seek court-intervention.

10. Any consent order or motion to amend pleadings or join parties shall be filed no later than deadline passed on **deadline passed on August 10, 2012.**

11. All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a. Each motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation.  A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b. Each response in opposition shall be accompanied by a separate, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c. In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply.  Accompanying the proposed reply shall be a separate, short, and concise statement of material facts which shall be limited to any additional facts submitted by the opposing party.  The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d. Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted.  The Court

may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.  The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

  e. Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate.  Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III.  EXPERTS

  12. All affirmative expert reports shall be delivered by **March 27, 2013.**

  13. All responding expert reports shall be delivered by **April 27, 2013.**

  14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

  b. All expert depositions shall be completed by **May 10, 2013.**

### IV.  FINAL PRETRIAL CONFERENCE

  15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **May 29, 2013** at **1:00 p.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

  16. Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

  17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

  18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

  19. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **May 21, 2013 at 3:00 p.m.**  All counsel are responsible for the timely submission of the Order.

  20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## V.  MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24. Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

25. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

<u>s/Patty Shwartz</u>
**UNITED STATES MAGISTRATE JUDGE**