NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRTUAL STUDIOS, INC., <br><br>             Plaintiff, <br><br>      v. <br><br> ART FLOCK & SCREEN, INC., d/b/a KANE CARPET COMPANY, <br><br>             Defendant. | Civil Action No. 11-0622 (KSH)(CLW) <br><br> **OPINION & ORDER** |

**THIS MATTER** comes before the Court on Defendant Art Flock & Screen's ("Defendant") motion for the imposition of sanctions against Plaintiff Virtual Studios ("Plaintiff"). Defendant seeks sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure for failure to comply with the rules of discovery and Orders of this Court. The Court declined to hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and, for the reasons set forth below, denies the motion.

    **I.**    **Introduction**

On February 3, 2011, Plaintiff filed suit alleging copyright infringement in relation to software developed by Plaintiff for carpet and rug manufacturers to display digital room scenes for marketing purposes.[1] (First Am. Compl., ECF No. 7, ¶ 4.) Plaintiff and Defendant began working together in approximately 2005, and Defendant terminated the relationship in 2008. (Id., ¶¶ 6, 11.) Defendant selected room scenes and samples of flooring for Plaintiff to manipulate so that Defendant could display the images for potential customers. (Id., ¶ 7.) The room scenes at

---

[1] Plaintiff also alleged breach of contract, which previously was dismissed. (Opinion, ECF No. 21.)

issue in this litigation have copyright certificates issued with the effective date of February 14, 2008 by the United States Copyright Office. (Id., ¶ 15.)

The parties dispute the terms of their agreement. In 2005, Plaintiff presented Defendant with three options for room scenes and Defendant chose the third such option. (Motion, ECF No. 79 at 5.) Defendant believed that Option Three was "non-exclusive scenes with no time restrictions on use, for which [Defendant] would not be the only user and would be charged a predetermined one-time fee for manipulation of Plaintiff's image." (Id.) Plaintiff, on the other hand, maintains that use of room scenes under Option Three was and is subject to certain conditions, including a one-year term of use coupled with a corresponding annual payment. (First Am. Compl., ¶ 9.) Plaintiff's principal testified that he provided information about this limitation to customers orally during the bargaining process. (Opp., ECF No. 80 at 6-7.) Defendant denies knowledge that the room scenes were subject to a term of use and disputes that any such terms and conditions were ever disclosed in the course of business. (Answer, ECF No. 23, ¶¶ 8, 10.) Defendant continued to use the room scene images after one year and refused to compensate Plaintiff "beyond the payment of a one year fee with respect to each image." (First Am. Compl., ¶¶ 12-13.)

## II.     Defendant's Motion for Sanctions

Defendant's present motion for discovery sanctions is premised upon Plaintiff's allegedly repeated failures to comply with discovery. Defendant alleges that Plaintiff has, *inter alia*, provided evasive and incomplete responses to Defendant's discovery requests and interrogatories, failed to supplement discovery responses under Rule 26(e), misrepresented the existence of certain discoverable documents, and delayed or entirely withheld production of such documents. (Motion at 3-4.) In particular, Defendant emphasizes eleven "estimates" or emails that Plaintiff never disclosed in discovery despite requests for such. (Id. at 3-4.) These documents pertain to Plaintiff's

dealings with other customers and were disclosed in discovery in a factually similar case, Virtual Studios, Inc. v. Couristan, Inc., No. 11-00427 (D.N.J.) (the "Couristan Case").[2] (Id. at 3.) The documents, Defendant contends, constitute critical discoverable evidence and undermine Plaintiff's claims because they demonstrate that the room scenes were not subject to a term of use. Defendant stresses that "the entire case may well turn on the typical license Plaintiff would offer and grant to all his clients under Option 3." (Id. at 7.) For Plaintiff's failure to disclose the documents, Defendant seeks a variety of sanctions under Rule 37(b) of the Federal Rules of Civil Procedure:

> dismissal of this action with prejudice, or alternatively: (i) the preclusion of any evidence suggesting that "Option 3" was not free; (ii) mandating a negative inference for the jury on the topic if the matter proceeds to trial; (iii) an Order requiring a complete copy of all Plaintiff's electronic business records be surrendered to Defendant's counsel and a forensic analysis be conducted on Plaintiff's system for any records that may have been deleted; as well as entry of an order requiring Plaintiff and its attorneys to pay the legal fees and costs incurred by Defendant in bringing and briefing this motion, and any other sanctions that the Court deems just, proper, and in the interests of justice.

(Id. at 27.)

Plaintiff denies violating discovery requests and describes Defendant's allegations as, "hyperbole, affected postures of outrage, unsworn, unproven and vague allegations of misconduct[.]" (Opp. at 2.) Plaintiff argues that the documents recovered are irrelevant third-party communications made in a different business relationship. (Id. at 2.) In addition, Plaintiff contends that any argument that it intentionally delayed discovery is meritless as extensions in the discovery schedule were the result of hospitalizations, conflicts, holidays, and a copious amount of discovery.

---

[2] It is unclear from the record how or when Defendant obtained the documents, which were subject to a confidentiality order. Defendant argues that the confidentiality order from the Couristan Case was to protect trade and business secrets, which should not have included these materials. (Motion at 3.)

(Id. at 3.) Plaintiff further asserts that both parties consented to most of the discovery delays, except the final one. (Id. at 2-4.)

### III.     Discoverability of Couristan Documents

The threshold issue to the disposition of this motion is whether the documents that were never disclosed are discoverable. Rule 26(b)(1) calls for comprehensive discovery, including "any matter [. . .] that is relevant to the claim or defense of any party." See also Novartis Pharm. Corp. v. Eon Labs Mfg., Inc., 206 F.R.D. 392, 394 (D. Del. 2002) ("The Federal Rules of Civil Procedure allow for a broad scope of discovery."). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Bumgarner v. Hart, 2007 WL 38700, at *5 (D.N.J. 2007) (citing Fed. R. Ev. 401). Discovery requests should be consistent with the arguments raised by the parties in their pleadings and throughout the action. See Robbins v. Camden City Bd. of Educ., 105 F.R.D. 49, 55 (D.N.J. 1985) (citing Hardrick v. Legal Services Corp., 96 F.R.D. 617, 618 (D.D.C. 1983)).

The Court accepts that the documents are relevant to whether a one-year term of use was part of the contract between the parties. That is, the documents may shed light on terms of the current contested agreement because they reveal, at least in part, Plaintiff's dealings with other customers and potential customers. Moreover, since Plaintiff's principal testified that the term of use limitation was only provided orally or on the invoices created subsequent to the production and use of the room scenes, the information is probative as to his credibility as well as to the terms of the contested agreement.

Though this information may be characterized as propensity evidence the admissibility of which is curbed by Rule 404 of the Federal Rules of Evidence, it must be observed that "[t]he

contemplated breadth of permissible discovery [under Rule 26(b)] extends well beyond the more confined universe of evidence admissible at trial." Rapaport v. Robin S. Weingast & Assoc., Inc., 2013 WL 6022441, at *2 (D.N.J. 2013) (citations omitted); Frank v. County of Hudson, 924 F.Supp. 620, 623 (D.N.J. 1996) ("it is important to distinguish the right to obtain information by discovery from the right to use it at trial")). Plaintiff may, of course, later file a motion *in limine* regarding the documents, but this does not change the analysis at this stage of the proceedings. See Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990) ("The relevance inquiry is significantly broader at the discovery stage than at the trial stage."). The documents, therefore, are relevant and discoverable and the Court now turns to the request for sanctions.

### IV.  Defendant's Request for Sanctions

The purpose of sanctions is to enforce discovery, both in the context of a party that failed to comply in a given case and to discourage transgressions in other matters. Nat'l Hockey League v. Metro. Hockey Club, Inc., 429 U.S. 639, 643 (1976). Sanctions may be appropriate when a party has pointedly withheld, despite orders to produce, especially relevant or detrimental documents. Gallant v. Telebrands Corp., 35 F. Supp. 2d 378, 404 (D.N.J. 1998) (citing Arthur v. Atkinson Freight Lines Corp., 164 F.R.D. 19 (S.D.N.Y. 1995)). Importantly, the Court must ensure that the sanction is fair and justified by the improper behavior. Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co., 110 F.R.D. 363, 367 (D. Del. 1986) (citing Ins. Corp. v. Compagnie des Bauxites, 456 U.S. 694, 706 (1982)). "The Court has broad discretion regarding the type and degree of sanctions it can impose, but the sanctions must be just and related to the claims at issue." Wachtel, 239 F.R.D. at 84 (citations omitted).

Here, Defendant seeks dismissal or, alternatively, evidentiary sanctions and fees. The Court may impose on a party or its attorney those expenses, including attorneys' fees, caused by

unjustified failure to comply with discovery orders or pretrial orders. See Fed. R. Civ. P. 37(b) (providing for several sanctions, including discretion to deem facts as established, bar evidence, strike or dismiss pleadings, enter a default judgment, and find a party in contempt). Rule 37(b) authorizes the imposition of reasonable expenses incurred by a party's derelict discovery practices, unless the violation is "substantially justified." Wachtel v. Health Net, Inc., 239 F.R.D. 81, 110 (D.N.J. 2006) (citing Fed. R. Civ. P. 37(b)(2)); Kinney v. Tr. of Princeton Univ., 2007 WL 700874, at *5 (D.N.J. 2007) (citing Fitz, Inc. v. Ralph Wilson Plastics, Co., 174 F.R.D. 587, 591 (D.N.J. 1997)).

In deciding whether to exclude evidence, the Court considers: 1) prejudice; 2) the ability of the offending party to cure that prejudice; 3) the extent to which the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and 4) bad faith or willfulness of the offending party in failing to comply with the Court's order. Wachtel v. Health Net, Inc., 239 F.R.D. at 105 (citing Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894 (3d Cir. 1977), overruled on other grounds, 777 F.2d 113 (3d Cir.1985)).

And while dismissal also may be imposed, it is a harsh sanction. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). To determine whether dismissal is an appropriate sanction, the Court should consider:

> 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "In a close case, 'doubts should be resolved in favor of reaching a decision on the merits.'" Adams v.

Tr. of New Jersey Brewery Emp.'s Pension Trust Fund, 29 F.3d 863, 878 (3d Cir. 1994) (citing Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984)).

Upon review of the docket, the lengthy and contentious discovery process in this matter is made plain by the numerous letters and scheduling orders docketed while the matter was under the supervision of the previous Magistrate Judge. E.g., ECF Nos. 20, 21, 25, 27, 29, 31-34, 36, 39, 42, 44, 47, 48. In the time since its reassignment to this Court on April 4, 2013, the litigation has followed a similar course. E.g., ECF Nos. 50, 55-62, 65-70, 72-73, 75, 77. Despite the apparent volume of letters and delays and disputes, however, it cannot be concluded that one party bears such responsibility as to warrant sanctions. Indeed, the docket entries and concomitant delays are primarily the result of Court Orders, brief adjournments, adjournments on consent, adjournments for medical or other personal matters, legitimate disputes, and mediation. Further, while the Court recognizes Defendant's objections to delay and Plaintiff's previous opportunities to produce the Couristan Case documents—or pursue a protective order—the Court is not convinced that the muddled and protracted procedural posture of this matter is sufficiently attributable to Plaintiff to warrant sanctions. That is, notwithstanding the discovery delays and deficiencies attributable to Plaintiff, e.g., ECF Nos. 42 and 45-46, the docket as a whole reflects myriad reasonable causes for delay. Similarly, a review of the letters and deposition transcripts reveals that Plaintiff at least partially disclosed such documents, Defendant elicited testimony on the subject, and the parties disputed the issue (among others). E.g., Motion, Ex. B, D, F; Opp., Ex. A-B. And importantly, despite the prolonged history of this matter, it has reached its final stage. Thus, the Court concludes that any prejudice suffered by Defendant as a result of non-disclosure and any disruption of proceedings are minimized not only by the otherwise reasonable and numerous delays but also by the fact that Defendant nonetheless obtained the documents at issue.

Moreover, though the Court appreciates Defendant's thoroughly researched and argued brief, many of the arguments offered in support of sanctions concern evidence in relation to the relative strength of the parties' claims and defenses. Such arguments, though they may eventually prevail, nonetheless are premature, conclusory, and more appropriately presented in the context of dispositive motions or trial advocacy. It also bears noting that, as Plaintiff points out, Defendant may overstate the significance of the Couristan Case documents. The documents may reasonably be read only to concern Plaintiff's business relationship with other clients and a fact-finder may well credit the testimony of Plaintiff's witnesses as to the terms that governed the relationship between Plaintiff and Defendant. The debatable relevance and discoverability of the documents, coupled with the history of the case as described above, also undermine claims of bad faith. The Court is likewise satisfied that, while Plaintiff could have proceeded more diligently and efficiently in this matter, any discovery deficiencies were substantially justified in that the parties reasonably differed as to whether the documents were relevant and discoverable.[3] This is evidenced not only by the parties' briefing on the instant motion but also by extensive discovery disputes and varying degrees of disclosure and non-disclosure associated therewith. E.g., Opp., Ex. A-B.

In short, there is insufficient evidence to conclude that Plaintiff's conduct relative to the progression of this case constitutes the sort of grave or systematic violations that warrant sanctions. The Court likewise perceives no bad faith on the part of Plaintiff and finds no appreciable prejudice as to Defendant since the documents eventually were obtained, the case was delayed by numerous other benign factors, and the case is now proceeding to its final stages. The Court therefore declines to impose any sanctions.

---

[3] Plaintiff seems not to recall expressing a position regarding the documents in relation to the discovery confidentiality order in force in the Couristan Case and asserts that Defendant should have moved to compel disclosure long ago. (Opp. at 6.)

- 9 -

**ACCORDINGLY, IT IS** on this 19th day of October, 2015,

**ORDERED** that Defendant Art Flock's motion for sanctions is **DENIED**; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 79.


          *s/Cathy L. Waldor*
          **CATHY L. WALDOR**
          **United States Magistrate Judge**